# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

LAVERN BERRYHILL, )
)
    Plaintiff, )
)
vs. ) Case No. CIV-13-1267-W
)
UNITED STATES OF AMERICA, )
)
    Defendant. )

## REPORT AND RECOMMENDATION

Plaintiff, a state prisoner appearing pro se, brings this purported civil rights action pursuant to 42 U.S.C. § 1983.[1] Doc. 1. He seeks damages from the sole Defendant, the United States of America, on account of an alleged conspiracy among various individuals to kidnap and "place[ him] in . . . race hate slave labor confinement . . . ." *Id.* at 4. Along with his complaint, Plaintiff submitted a "Pauperis Affidavit" in which he maintains that this confinement

---

[1] An attempt by Plaintiff to challenge the validity of his convictions in the District Court of Oklahoma County, Nos. CF-90-1250, CF-90-1614, Doc. 1, at 1, would be a second or successive federal habeas action. *See Berryhill v. Evans*, 466 F.3d 934 (10th Cir. 2006). In the absence of authorization from the Tenth Circuit Court of Appeals, this Court would lack the jurisdiction to consider such an application. *See Pease v. Klinger*, 115 F.3d 763, 764 (10th Cir. 1997) (per curiam) ("The district court had no jurisdiction to decide [the petitioner's] successive § 2254 petition without authority from the court of appeals.").

has "deprived [him] of any funds or means to obtain funds to pay for filing of this cause of action . . . ."[2]  Doc. 2.  United States District Judge Lee R. West has referred the matter to the undersigned Magistrate Judge under the authority of 28 U.S.C. § 636(b)(1)(B), (C).  Doc. 4.

I. **Plaintiff's in forma pauperis filing status.**

Title 28 U.S.C. § 1915(g), the so-called three-strikes provision of the in forma pauperis statute, provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

This provision does not bar a three-strike prisoner from filing civil actions, but it does eliminate the privilege of proceeding in forma pauperis unless the prisoner can support the application of imminent-danger exception.  A three-strike prisoner may, in any event, proceed in civil actions or appeals by prepaying the filing fee.  *See Jennings v. Natrona Cnty. Det. Ctr. Med. Facility*, 175 F.3d 775, 778 (10th Cir. 1999).

This Court has well-documented Plaintiff's previous exhaustion of his

---

[2]  Plaintiff failed to utilize the form prescribed by this Court in applying to proceed without prepayment of fees.  *See* LCvR3.3(a).

allotted three strikes. *See Berryhill v. Okla. Dep't of Corr.*, No. CIV-12-279-W, 2012 WL 1391939 (W.D. Okla. Mar. 27, 2012). Now, in order to proceed in forma pauperis, Plaintiff must "make a credible showing that he is 'under imminent danger of serious must demonstrate he "is under imminent danger of serious *physical* injury.'" *Berryhill v. Okla. Dep't of Corr.*, No. CIV-12-279-W, 2012 WL 1391927, at *1 (W.D. Okla. Apr. 20, 2012) (emphasis added). Plaintiff attempts to do so here, stating his is a "42 U.S.C. § 1983 imminent danger complaint on behalf of Plaintiff that is presently suffering severe mental anguish [and] severe emotional distress caused by unconstitutional violations against Plaintiff by U.S.A." Doc. 1, at 1. Even apart from Plaintiff's failure to claim imminent danger of any *physical* injury, his "conclusory allegation is insufficient; furthermore, it does not include the 'specific, credible allegations of imminent danger' required to satisfy the exception in § 1915(g)." *Berryhill v. Jones*, No. CIV-11-307-D, 2011 WL 1526911, at *1 (W.D. Okla. Apr. 21, 2011) (quoting *Hafed v. Fed. Bureau of Prisons*, 635 F.3d 1172, 1176 (10th Cir. 2011)).

## II. Recommendation and notice of right to object.

For the stated reasons, the undersigned recommends that Plaintiff's implicit request through his Pauperis Affidavit, Doc. 2, to proceed without prepayment of fees be denied and that this action be dismissed without prejudice unless Plaintiff pays the full $400 filing fee within twenty days from the date of

3

any order adopting this Report and Recommendation.

Plaintiff is advised of his right to file an objection to this Report and Recommendation with the Clerk of this Court by the 8th day of January, 2014, in accordance with 28 U.S.C. § 636 and Fed. R. Civ. P. 72. Plaintiff is further advised that failure to make timely objection to this Report and Recommendation waives his right to appellate review of both factual and legal questions contained herein. *Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991).

This Report and Recommendation disposes of all issues referred to the undersigned Magistrate Judge in the captioned matter.

ENTERED this 19th day of December, 2013.

_____
SUZANNE MITCHELL
UNITED STATES MAGISTRATE JUDGE